United States District Court
Southern District of Texas
**ENTERED**
July 27, 2020
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LISA RENE KAY, | § | |
| | § | |
| *Petitioner*, | § | |
| | § | Civil Action No. H-20-2594 |
| v. | § | |
| | § | |
| LORIE DAVIS, | § | |
| | § | |
| *Respondent.* | § | |

## MEMORANDUM OPINION AND ORDER

Petitioner, a state inmate proceeding *pro se*, filed a motion for "Relief from Judgment Federal Rules of Civil Procedure Rule 60(d)(1) (Independent Action) Motion to Vacate Judgment (Obstruction of Process)." (Docket Entry No. 1, verbatim.) Petitioner names Texas Department of Criminal Justice Director Lorie Davis as the opposing party.

Petitioner seeks to set aside her 1995 murder conviction due to fraud by her state appellate counsel and erroneous rulings by various state and federal courts perpetuating the fraud. She expressly states that she is proceeding under the "independent action" provision of Federal Rules of Civil Procedure ("FRCP") Rule 60(d)(1). Thus, petitioner is attempting to seek federal habeas relief under guise of an independent civil action.

Whether construed as an "independent action" raising civil claims or a habeas petition raising habeas claims, this lawsuit must be dismissed, as explained below.

## I. "INDEPENDENT ACTION" UNDER RULE 60(d)(1)

Petitioner challenges her 1995 conviction and fifty-year sentence for murder under FRCP 60(d)(1), and complains of events occurring at the post-trial, appellate, post-appellate, and federal court levels.

FRCP 60(d)(1) provides that FRCP 60 does not limit a district court's power to "entertain an independent action to relieve a party from a judgment, order, or proceeding." The Fifth Circuit Court of Appeals has identified five elements of an independent action in equity under FRCP 60(d)(1): (1) a prior judgment which "in equity and good conscience" should not be enforced; (2) a meritorious claim in the underlying case; (3) fraud, accident, or mistake which prevented the party from obtaining the benefit of their claim; (4) the absence of fault or negligence on the part of the party; and (5) the absence of an adequate remedy at law. *Addington v. Farmer's Elevator Mut. Ins. Co.*, 650 F.2d 663, 667–68 (5th Cir. 1981). The advantage of an independent action is that it can be raised at any time, unlike a motion for a new trial. *See Bankers Mortg. Co. v. United States*, 423 F.2d 73, 78 n.13 (5th Cir. 1970).

FRCP 60(d)(1) is affected by the Antiterrorism and Effective Death Penalty Act ("AEDPA"). *Johnson v. Davis*, 746 F. App'x 375, 380 (5th Cir. Aug. 24, 2018). That is, FRCP 60(d)(1) cannot be used to circumvent AEDPA's requirements and limitations regarding federal challenges to state criminal judgments. In the instant proceeding, petitioner is improperly attempting to utilize FRCP 60(d)(1) to challenge the merits of the district

2

court's prior resolution of her habeas claims and to set aside her conviction. As *Johnson* made clear, a petitioner cannot circumvent AEDPA by filing an independent civil action that seeks readjudication of habeas claims.[1]

Consequently, the Court will consider whether petitioner's FRCP 60(d)(1) pleading should be recharacterized as a section 2254 federal habeas proceeding.

## II. HABEAS CLAIMS UNDER SECTION 2254

Public state and federal court records show that petitioner was convicted of murder in Harris County, Texas, and was sentenced to fifty years' incarceration in 1995. The conviction was affirmed on appeal. *Kay v. State*, No. 01-95-00380-CR, 1996 WL 404034 (Tex. App. – Houston [1st Dist.] 1996, pet. ref d). Petitioner filed an application for state habeas relief in 2004, claiming that appellate counsel failed to inform her that the conviction was affirmed on appeal and that she could file a petition for discretionary review ("PDR"). The Texas Court of Criminal Appeals granted the application in part and allowed petitioner to file an out-of-time PDR, but denied her remaining habeas claims. *Ex parte Lisa R. Kay*, No. AP–75,077 (Tex. Crim. App. 2005). The Texas Court of Criminal Appeals refused petitioner's ensuing PDR. *Kay v. State*, No. PD-0279-05 (Tex. Crim. App. 2005).

Petitioner subsequently filed a section 2254 petition in federal court in 2006, which was denied with prejudice as barred by limitations in 2009. *Kay v. Quarterman*, C.A. No.

---

[1] Even assuming petitioner could proceed under FRCP 60(d)(1), she fails to plead factual allegations sufficient to establish entitlement to relief under *Addington*.

3

H-06-3434 (S.D. Tex.). She later filed a second application for state habeas relief in June 2014, complaining that the federal courts erred in refusing to apply equitable tolling in her federal habeas proceeding. She again complained that her appellate counsel fraudulently concealed her failure to inform petitioner of the appeal results and her right to file a PDR. The application was denied by the Texas Court of Criminal Appeals in October 2014.

Petitioner's instant pleading raises federal habeas claims challenging the validity of her 1995 conviction, including, but not limited to, claims for ineffective assistance of appellate counsel and a void judgment. Petitioner's overarching claim is that her appellate counsel fraudulently withheld facts regarding her appeal and that the state courts concealed the fraud, denying petitioner her habeas rights and equal protection. She argues that, even though the state courts remedied counsel's fraud by granting petitioner leave to file an out-of-time PDR, she was entitled to equitable tolling on federal habeas review and a reversal of her conviction.

Thus, the Court construes petitioner's pleading as a section 2254 habeas petition seeking to set aside her conviction based on ineffective assistance of appellate counsel and a void judgment.[2] Although she further claims entitlement to equitable tolling as to federal habeas relief, the Fifth Circuit denied petitioner a certificate of appealability as to her equitable tolling and other claims in *Kay v. Thaler*, Appeal No. 09-20480 (5th Cir. April 19,

---

[2]Petitioner is not entitled to notice of this recharacterization because it is not her first federal habeas challenge to her conviction. *See Castro v. United States*, 540 U.S. 375 (2003).

2011). The United States Supreme Court denied petitioner a writ of certiorari in January 2012.

Because petitioner filed at least one prior federal habeas petition challenging her conviction, the instant petition is a second or successive habeas petition. *See Gonzalez v. Crosby*, 545 U.S. 524, 530–32 & n. 4 (2005). AEDPA provides that before a second or successive application for writ of habeas corpus is filed in the district court, an applicant must move in the appropriate court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3). Public records for the Fifth Circuit show that petitioner has not obtained authorization from that court to file a successive section 2254 motion. *See* 28 U.S.C. §§ 2244(b)(3)(A), 2254.

Because section 2244(b)(3)(A) "acts as a jurisdictional bar to the district court's asserting jurisdiction over any successive habeas petition until [the Fifth Circuit] has granted the petitioner permission to file one," this Court is without jurisdiction to consider the pending action. *See United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000).[3]

---

[3]The Court declines to transfer this successive habeas petition to the Fifth Circuit Court of Appeals. The Western District of Texas, Austin Division, transferred petitioner's earlier successive habeas petition to the Fifth Circuit on July 31, 2012. The Fifth Circuit denied petitioner authorization to file a successive habeas petition on November 7, 2012. *In re: Lisa R. Kay*, No.12-50772 (5th Cir. 2012). The instant habeas petition essentially re-urges the same claims, albeit in expanded form.

5

## III.  CONCLUSION

Petitioner's habeas petition (Docket Entry No. 1) is an unauthorized successive section 2254 habeas petition. The petition is **DISMISSED WITHOUT PREJUDICE FOR LACK OF JURISDICTION.**  28 U.S.C. §§ 2244(b)(3)(A).

A certificate of appealability is **DENIED**. Any and all pending motions are **DENIED AS MOOT**.

Signed at Houston, Texas, on this the 27th day of July, 2020.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE